DANIEL S. MASON (No. 54046)
CHRISTOPHER T. MICHELETTI (No. 136446)
ERIC W. BUETZOW (No. 253803)
ZELLE, HOFMANN, VOELBEL MASON & GETTE, LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone: (415) 693-0700
Facsimile:  (415) 693-0770
E-mail: dmason@zelle.com
E-mail: cmicheletti@zelle.com
E-mail: ebuetzow@zelle.com

Attorneys for Plaintiff

ORIGINAL FILED

JAN 7 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

PJH

| | |
|---|---|
| WILSON & COUSINS DIVISION OF PALAMAR INDUSTRIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> T. CHRISTY ENTERPRISES, INC., <br><br> Defendant. | Case No. CV-08-0098 <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, FALSE ADVERTISING, PASSING OFF, UNFAIR COMPETITION AND VIOLATION OF CAL. BUS. & PROF. CODE §17200 AND 17500** <br><br> **JURY TRIAL DEMANDED** |

COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, FALSE ADVERTISING, PASSING OFF, UNFAIR COMPETITION AND VIOLATION OF CAL. BUS. & PROF. CODE §17200 AND 17500

Plaintiff Wilson & Cousins Division of Palamar Industries, Inc., by its attorneys and demanding a jury trial, for its Complaint for Trademark Infringement, Trade Dress Infringement, False Advertising, Passing Off, Unfair Competition and Violation of Cal. Bus. & Prof. Code Section 17200 and 17500, alleges, with knowledge as to its own acts and upon information and belief as to the acts of others, as follows:

## THE PARTIES

1. Plaintiff Wilson & Cousins Division of Palamar Industries, Inc. ("Wilson & Cousins" or "Plaintiff") is a Canadian corporation doing business in the United States and Canada, including the State of California. Wilson & Cousins is a manufacturer of interior fire protection equipment, and has its principal place of business in Ontario, Canada.

2. Defendant T. Christy Enterprises, Inc. ("Christy" or "Defendant") is a corporation organized, existing and doing business under the laws of the State of California. Christy is a distributor of, among other products, fire protection equipment, has offices in Anaheim and distribution centers Northern and Southern California.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367(a), and 15 U.S.C. § 1121(a).

4. This Court has jurisdiction over the state unfair competition and false advertising claims set forth herein under 28 U.S.C. §1338(b) and 1367(a), as those claims are joined with substantial and related claims under the Lanham Act, 15 U.S.C. §1051 et seq.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b) & (c). This Court has personal jurisdiction over Christy. Christy does substantial business in and has general and systematic contacts in the Northern District of California such that its contacts herein would be sufficient to subject it to personal jurisdiction in this district.

6. The intradistrict assignment of this civil action to the San Francisco is proper, as Christy advertises its products in counties located herein.

COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, FALSE ADVERTISING, PASSING OFF, UNFAIR COMPETITION AND VIOLATION OF CAL. BUS. & PROF. CODE §17200 AND 17500

## FACTUAL BACKGROUND

7.  Wilson & Cousins manufactures a full range of standpipe valves, cabinets and accessories, including fire department connections, adapters, hose racks, hose reels, pressure reducing valves, brass and polycarbonate nozzles, hydrant gate valves and check valves. Wilson & Cousins sells its fire protection equipment products throughout North America, including the U.S. and Canada. Wilson & Cousins sales of its fire protection equipment products amounted to approximately $3,500,000.00 and $2,800,000.00 in 2007 in the U.S. and Canada, respectively. Over the past ten years, Wilson & Cousins' revenue from the sale of fire protection equipment in the U.S. was between $10-15,000,000.00 million, and between $20-25,000,000.00 million for such sales in Canada.

8.  Wilson & Cousins first started manufacturing and selling fire protection products in 1881, and has manufactured and sold such products continuously since then. Wilson & Cousins now has 126 years of manufacturing experience in the fire protection equipment industry. As such it has built and maintained a reputation in the U.S. and Canada as a provider of high quality fire protection equipment products. As part of its efforts to build and maintain its reputation, Wilson & Cousins has devoted substantial resources to obtaining product listings, certifications and approvals by Underwriters Laboratories, Underwriters Laboratories of Canada, Factory Mutual Research, among other such organizations.

9.  Wilson & Cousins sells its fire protection equipment products to distributors, who in turn sell the products to builders, contractors, plumbing specialists and others that specify, purchase and/or install fire protection equipment in all types of buildings and structures. Those distributors, builders, contractors and others rely upon Wilson & Cousins' assurances that they will receive the finest quality products and services available, and have come to rely upon Wilson & Cousins' reputation for the design and manufacture of high quality, safe and dependable fire protection equipment. The foregoing reputation earned and enjoyed by Wilson & Cousins has been critical to its success over the years.

-2-

COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, FALSE ADVERTISING, PASSING OFF, UNFAIR COMPETITION AND VIOLATION OF CAL. BUS. & PROF. CODE §17200 AND 17500

10.     Wilson & Cousins uses a number of marks and logos in connection with the advertising, promotion and sale of its fire protection equipment. It is the owner of marks registered with the Canadian Intellectual Property Office ("CIPO") and additional marks for which trademark applications have been filed in the U.S. and Canada with the U.S. Patent & Trademark Office ("USPTO") and CIPO, respectively. The marks applied-for include the WILSON & COUSINS mark, the WC & Design Mark (also referred to below as the W&C Helmet Mark), and the WILSON & COUSINS & Design Mark. Attached hereto as Exhibit 1 are printouts from the USPTO and CIPO web sites showing the above marks.

11.     Wilson & Cousins advertises and promotes its products on the internet in its web site, www.wilsonandcousins.com. Wilson & Cousins also advertises and promotes its products in fire protection trade magazines such as Sprinkler Quarterly, Sprinkler Age, CASA (Canadian Automatic Sprinkler Association) and FPC (Fire Protection Contractor). These trade magazines are distributed throughout the U.S. and Canada. Through support of its distributors, Wilson & Cousins' products have been shown and promoted at local and international trade shows, including the annual trade show associated with the AFSA, the American Fire Sprinkler Association. At such shows, Wilson & Cousins products and trademarks are exposed to contractors, installers, inspectors, engineers and architects involved in the installation of fire protection equipment in buildings and structures.

12.     One of Wilson & Cousin's marks is a firefighter helmet with stylized letters W and C (hereinafter the "W&C Helmet Mark"). A depiction of this mark is attached hereto as Exhibit 2. Wilson & Cousins first used this mark no later than 1989, and first used it on fire equipment products sold in the U.S. by no later than 1998. Many of Wilson & Cousins' fire protection products prominently feature the W&C Helmet Mark. Since 1998, that mark has been placed on fire hose nozzles, fire safety valves, fire hose racks and reels, fire department connections, fire hose and extinguisher cabinets, fire-equipment related wrenches, adapters, plugs, caps and valves. Since 1998, Wilson & Cousins has manufactured and sold in the U.S. over 1,000,000 items featuring the W&C Helmet Mark.

-3-
COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, FALSE ADVERTISING, PASSING OFF, UNFAIR COMPETITION AND VIOLATION OF CAL. BUS. & PROF. CODE §17200 AND 17500

13. The W&C Helmet Mark is a distinctive and non-functional mark. Wilson & Cousins has had exclusive use of the W&C Helmet Mark on fire protection equipment in the U.S. since 1998; and, it is a unique mark in the fire protection equipment industry. Both distributors and those directly involved in the installation of fire protection equipment, have come to rely upon and recognize the W&C Helmet Mark as symbolizing Wilson & Cousins and its reputation for the design and manufacture of high quality, safe and dependable fire protection equipment.

14. Wilson & Cousins' advertising and promotion, referred to above, including its internet and trade magazine advertising and promotion have extensively featured the W&C Helmet Mark by itself and on products depicted in such advertising and promotion. Examples of such advertising and promotion featuring the W&C Helmet Mark are attached hereto as Exhibit 3. Additionally, once Wilson & Cousins products featuring the W&C Helmet Mark are installed in a building or structure, they quite frequently remain visible, and thus even after their initial sale and distribution, contractors, builders, plumbers and other trades-people, consumers and others are repeatedly exposed to the mark indefinitely thereafter.

15. Wilson & Cousins devotes significant efforts to obtaining industry certifications from product safety testing and certification organizations. One such organization is Underwriters' Laboratories Inc. ("UL") and Underwriters' Laboratories of Canada ("ULC").

16. UL is a U.S. organization based in Northbrook, Illinois that develops standards and test procedures for products, materials, components, assemblies, tools and equipment, chiefly dealing with product safety. ULC is the Canadian counterpart to UL. UL evaluates products, components, materials and systems for compliance with specific requirements, and permits acceptable products to carry a UL certification mark, as long as they remain compliant with the standards. UL offers several categories of certification marks.

-4-
COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, FALSE ADVERTISING, PASSING OFF, UNFAIR COMPETITION AND VIOLATION OF CAL. BUS. & PROF. CODE §17200 AND 17500

1  UL also specifies the manner in which the UL mark and related indicia may be displayed on
2  products, and imposes other requirements upon manufacturers that use its marks.

        17.    UL certifications are of critical importance and are necessary to compete and succeed in the fire protection equipment industry. UL product certifications are frequently required for fire protection equipment in contract specifications, for safety reasons, and for insurance requirements. Indeed, all Wilson & Cousins products, where required, are listed and approved by UL and FM. In practice, it is extremely difficult to sell certain types of fire protection equipment without a UL certification. Large distributors are generally unwilling to carry a product without UL certification, and the sale or use of non-certified fire protection equipment may invalidate insurance coverage and expose one to liabilities. It is common practice in the fire protection equipment fields for architects, engineers, contractors and builders to specify UL Listed equipment or UL Recognized materials. Local jurisdictional authorities, such as building, electrical and fire inspectors, are reluctant to accept a fire protection product for installation in a building unless it carries a recognized third-party compliance mark such as the UL Mark. For example, UL literature states as follows: "Specifying UL Listed and Classified products up front is one of the best methods used by designers, consultants, insurers and others to help gain jurisdictional acceptance. A typical specification reads: 'The [product] must bear the UL Mark.' Or, if the specification cannot be that precise, an alternate wording would read: 'The [product] must meet the requirements of Underwriters Laboratories Inc.® The UL Mark on the product will be accepted as evidence of compliance.'" *See* http://database.ul.com/glistinterf_00-1-frnt.pdf., p. ix. A true and correct copy of the foregoing literature from the UL website is attached hereto as Exhibit 4.

        18.    Many of Wilson & Cousins' products have obtained UL certification. As such, Wilson & Cousins products have been investigated by UL and found to be in compliance with the appropriate UL safety requirements. Wilson & Cousins has also demonstrated to UL that it has a program in place to ensure that each copy of the product

-5-
COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, FALSE ADVERTISING, PASSING OFF, UNFAIR COMPETITION AND VIOLATION OF CAL. BUS. & PROF. CODE §17200 AND 17500

complies with the appropriate requirements. UL conducts periodic, unannounced follow-up inspections at Wilson & Cousins' locations to check ongoing compliance. Wilson & Cousins devotes significant time, money and other resources to remaining UL compliant with regard to many of its products.

19. Wilson & Cousins goes to great efforts and considerable expenditures to ensure that its products remain UL compliant and meet certain safety standards. Each individual UL Listed product unit manufactured by Wilson & Cousins is individually tested at its facilities in Ontario, Canada in order to ensure that it meets the UL and other appropriate safety and quality standards.

20. One product of Wilson & Cousins that is "UL Listed" is the Wilson and Cousins IE144 series check valve product. A check valve is a valve that normally allows fluid to flow through it in only one direction. Check valves are two-port valves, meaning they have two openings in the body, one for fluid to enter and the other for fluid to leave. This product series first obtained UL Listing in July of 2003. Attached hereto as Exhibit 5 is the UL and ULC certifications pertaining to Wilson & Cousins check valve products, File no. EX6935. By obtaining this certification, Wilson & Cousins is authorized to display a UL and ULC "Listing Mark," which is comprised of the following four elements: The "UL" and/or "ULC" mark, the term "LISTED", the product identity (*i.e.*, "Check Valve"), and the unique product control number assigned by UL (*i.e.*, "27GH"). The UL control number for the Wilson and Cousins check valve is unique to Wilson & Cousins' check valve product, and cannot be used with other manufacturers' product. The UL Listing Mark, as depicted on the Wilson & Cousins check valve product, is reflected on the check valve that is reproduced in the attached Exhibit 6.

21. UL also requires that any manufacturer using a UL Listing Mark also indicate the country where the product was manufactured. In conformance with that requirement, the Wilson & Cousins check valve lists the term "CHINA" on the product, which is where the product is manufactured, before being shipped to Wilson & Cousins

-6-
COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, FALSE ADVERTISING, PASSING OFF, UNFAIR COMPETITION AND VIOLATION OF CAL. BUS. & PROF. CODE §17200 AND 17500

facilities for final testing, approval, sale and shipping. Every Wilson & Cousins check valve and other fire protection equipment product passes through its Ontario, Canada testing facility prior to sale and shipment to a distributor.

22. The placement and location of the UL Listing Mark, FM approval mark, CHINA designation, "S" foundry designation, directional arrow, valve size indicator, PSI designation, product model number and year of manufacture are unique to Wilson & Cousins check valve products. While other check valve manufacturers may use some of these approval marks, designations and the like, there are no others that feature all of them in this combination, nor any that place them in the layout and formation shown in Exhibit 6 hereto.

23. Distributors and those directly involved in the installation of fire protection equipment have come to rely upon Wilson & Cousins UL Listing Mark, including the unique product control number, "27GH", as an indicator of source and for confirmation that they are in fact receiving and installing a high quality Wilson & Cousins check valve product.

24. Other elements of the Wilson & Cousins check valve design include, towards the bottom of the check valve, a Factory Mutual approval mark, namely, a diamond symbol encasing the letters "FM", with an uppercase letter "S" placed directly to its right. The "S" denotes the foundry at which the Wilson & Cousins product is manufactured, and is unique to Wilson & Cousins' check valve. In addition, rotating the valve 180 degrees, the product displays an directional water flow arrow, with the number "4" placed immediately to the right, denoting the 4-inch size of the valve. Directly underneath those symbols are the characters "300 LB"—a PSI designation for the product—as well as the product model number (*i.e.*, IE144T), and the year of manufacture (*e.g.*, "06"). These elements of the check valve markings are shown in the Wilson & Cousins check valve product depictions in Exhibit 6.

25. Viewed in total, Plaintiff Wilson & Cousins' check valve is dressed by the distinctive and non-functional combination and arrangement of the following elements:

-7-
COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, FALSE ADVERTISING, PASSING OFF, UNFAIR COMPETITION AND VIOLATION OF CAL. BUS. & PROF. CODE §17200 AND 17500

| | |
|---|---|
| 1 | The "UL" and "ULC" marks, placed side by side toward the top of the valve; |
| 2 | followed underneath by the upper-case characters "LISTED"; the unique product |
| 3 | control number "27GH;" and the term "CHECK VALVE". Towards the bottom |
| 4 | of the valve, a Factory Mutual approval mark, namely, a diamond symbol |
| 5 | encasing the letters "FM"; and an uppercase letter "S" placed directly to its right, |
| 6 | denoting the foundry at which the product is manufactured. Rotating the valve |
| 7 | 180 degrees, the valve displays a directional water flow arrow; and the number |
| 8 | "4" placed immediately to the right of the arrow, denoting the 4-inch size of the |
| 9 | valve. Directly underneath those symbols are the characters "300 LB," a PSI |
| 10 | designation for the product; the characters "IE144T," the product model number; |
| 11 | and the year of manufacture (e.g., "06"). |

The combination and arrangement of these elements and markings is shown in the Wilson & Cousins check valve product depictions attached as Exhibit 6.

26.  Attached hereto as Exhibit 7 is a true and correct printout of the "about us" page of Defendant Christy. According to its website, Christy represents that it is "a leading provider of products to the irrigation, waterworks, light industrial, plumbing and retail markets." Christy claims to "operate as independent sales representatives, manufacturers and master distributors of a variety of products and product lines." Its stated "goal continues to be a "One-Stop Shop" for the wholesaler/distributor." *See* http://www.tchristy.com/About.asp. Christy further represents as follows: "Our mission is to provide every Christy's customer with the highest level of quality, value and PRODUCT & SERVICE EXCELLENCE! To be a fair and responsible partner to the manufacturers we have the honor of representing, carrying out the goals and objectives of their respective organizations, while maximizing our value to our most important assets, our employees and customers." *See* http://www.tchristy.com/About.asp.

27.  Christy is selling check valve products which it is holding out to the consuming public as Wilson & Cousins check valve products when in fact they are not. A

-8-
COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, FALSE ADVERTISING, PASSING OFF, UNFAIR COMPETITION AND VIOLATION OF CAL. BUS. & PROF. CODE §17200 AND 17500

1  photograph of one such check valve product is shown in Exhibit 8 attached hereto. The
2  product shown in Exhibit 8 and which is being sold by Christy is a "knock-off" of the Wilson
3  & Cousins check valve product; it mimics the appearance of Wilson & Cousins UL Listed
4  check valve product in that it contains the identical UL Listing Mark—including the unique
5  Wilson & Cousins product control number—as well as numerous other identical markings
6  placed in an identical or virtually identical layout on the product. The overall impression
7  conveyed by the Christy knock-off product is that it is a Wilson & Cousins check valve
8  product

9        28. Accessible on the internet is a catalog put out by Christy entitled
10 "Christy Waterworks." The catalog is located at
11 http://www.tchristy.com/catalog/200703WaterworksCatalog.pdf. A copy of the catalog is
12 attached hereto as Exhibit 9. At page 16 of the catalog, Christy depicts a Wilson & Cousins
13 check valve. The product shown is a Wilson & Cousins product because a W&C Helmet
14 Mark is discernable on the product when the depiction is enlarged. Additionally, on page 17
15 of the catalog, there appears to be a Wilson & Cousins' brass fire hose nozzle. The product
16 shown is a Wilson & Cousins product because the Wilson & Cousins' model number, *i.e.*,
17 HNL-206T, is discernable on the product when the depiction is enlarged. Enlarged depictions
18 of these products as shown in the catalog are attached hereto as Exhibit 10. Christy is not a
19 distributor of Wilson & Cousins products, and has not purchased products from Plaintiff.
20 Thus, Christy shows Wilson & Cousins products in its catalog but actually ships "knock-off"
21 Wilson & Cousins' products that copy Wilson & Cousins unique UL Listing Mark and
22 otherwise mimic the commercial impression conveyed by Wilson & Cousins' check valve and
23 fire hose nozzle designs.

24       29. Christy's use of Wilson & Cousins' trademark, trade dress and/or
25 products in its advertising and promotion, and its distribution of "knock-off" products will
26 cause irreparable harm to Wilson & Cousins unless it is stopped. Use of Wilson & Cousins'
27 trademark and trade dress to sell knock-off products will cause immediate, irreparable harm in
28

-9-
COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, FALSE
ADVERTISING, PASSING OFF, UNFAIR COMPETITION AND VIOLATION OF CAL. BUS. & PROF.
CODE §17200 AND 17500

multiple ways. First, Wilson & Cousins' products are utilized in fire protection systems and equipment and function to protect buildings and persons from damage and harm in the event of a fire. If the "knock-off" products are of inferior quality, or should they fail to meet certain specifications, they may fail to function properly to prevent or mitigate fire damage and the harm to persons or loss of life. In addition to the obviously irreparable harm caused by the foregoing, Wilson & Cousins may face claims of liability as those who purchased such products under the belief that they were purchasing a Wilson & Cousins product may bring suit or otherwise seek to impose liability upon Wilson & Cousins for the perceived product failure. Purchasers of the Wilson & Cousins "knock off" product distributed by Christy who see the Wilson & Cousins' trademark in the catalog, or who notice the use of the Wilson & Cousins trade dress and unique UL control number (*i.e.*, 27GH), will mistakenly trace the product back to and assert claims against Wilson & Cousins. If one contacts UL or ULC and inquires as to the manufacturer of a check valve bearing the 27GH control number, they will be advised that it is tied to Wilson & Cousins. Such occurrences and claims will undoubtedly irreparably harm Wilson & Cousins reputation in the industry, even assuming it able to thereafter establish that its product was not used, and that a "knock-off" or counterfeit product failed.

30. In order to prevent immediate irreparable harm to Wilson & Cousins, Christy should be enjoined from depicting Wilson & Cousins' products on its web site catalogs, and from further sale or distribution of any check valve or hose nozzle products that feature the Wilson and Cousins UL or ULC Listing Mark, the unique Wilson & Cousins Listing Mark Control number (*i.e.*, 27GH), or a confusingly similar combination of approval marks and designations and other indicators in the layout used by Wilson & Cousins. In this way, purchasers and installers of fire protection equipment will not be operating under the mistaken belief that they are installing genuine, UL, ULC and FM approved Wilson & Cousins products when in fact they are not.

-10-
COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, FALSE ADVERTISING, PASSING OFF, UNFAIR COMPETITION AND VIOLATION OF CAL. BUS. & PROF. CODE §17200 AND 17500

## COUNT I

## TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION UNDER FEDERAL LAW

31. Plaintiff specifically repeats and realleges the allegations of paragraphs 1-30 of this Complaint as though fully set forth herein.

32. Christy's use of Wilson & Cousins' distinctive and non-functional W&C Helmet Mark in connection with the products Christy advertises, promotes, sells, offers to sell, and distributes in commerce, and other actions, without Wilson & Cousin's consent, is likely to cause confusion, or to cause mistake, or to deceive the public as to the origin, source, sponsorship, association, or affiliation of Christy's products, and is likely to cause false belief that Christy's products and services have been authorized, sponsored, approved, endorsed, or licensed by Wilson & Cousins.

33. Christy's conduct constitutes trademark infringement, false designation of origin, and unfair competition in violation of §43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34. Christy willfully and deliberately intends to cause confusion, mistake, or to deceive through its trademark infringement, false designation of origin, and unfair competition.

35. Wilson & Cousins has been irreparably damaged, and continues to be damaged, by Christy's trademark infringement, false designation of origin, and unfair competition.

## COUNT II

## TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION UNDER FEDERAL LAW

36. Plaintiff specifically repeats and realleges the allegations of paragraphs 1-35 of this Complaint as though fully set forth herein.

37. Christy's use of Wilson & Cousins' distinctive and non-functional check valve trade dress in connection with the products Christy advertises, promotes, sells, offers to sell, and distributes in commerce, and other actions, without Wilson & Cousin's consent, is likely to cause confusion, or to cause mistake, or to deceive the public as to the origin, source, sponsorship, association, or affiliation of Christy's products, and is likely to cause false belief that Christy's products and services have been authorized, sponsored, approved, endorsed, or licensed by Wilson & Cousins.

38. Christy's conduct constitutes trade dress infringement, false designation of origin, and unfair competition in violation of §43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

39. Christy willfully and deliberately intends to cause confusion, mistake, or to deceive through its trade dress infringement, false designation of origin, and unfair competition.

40. Wilson & Cousins has been irreparably damaged, and continues to be damaged, by Christy's trade dress infringement, false designation of origin, and unfair competition.

## COUNT III

## FALSE ADVERTISING UNDER FEDERAL LAW

41. Plaintiff specifically repeats and realleges the allegations of paragraphs 1-40 of this Complaint as though fully set forth herein.

42. Christy has used and/or is using a false designation of origin, materially false or misleading description or representation of fact in interstate commerce, in connection with goods or services in commercial advertising or promotion.

43. Christy's description or representation of fact misrepresents the nature, qualities or geographic origin of its goods, services or commercial activities, or the nature, qualities or geographic origin of the goods, services or commercial activities of another.

-12-
COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, FALSE ADVERTISING, PASSING OFF, UNFAIR COMPETITION AND VIOLATION OF CAL. BUS. & PROF. CODE §17200 AND 17500

44. Christy willfully and deliberately intends to misrepresent the nature, qualities or geographic origin of its goods, services or commercial activities, or the nature, qualities or geographic origin of the goods, services or commercial activities of another through its commercial advertising or promotion.

45. Wilson & Cousins has been irreparably damaged, and continues to be damaged, by Christy's false designation of origin, materially false or misleading description or representation of fact in interstate commerce, in connection with goods or services in commercial advertising or promotion.

## COUNT IV

## UNFAIR COMPETITION – PASSING OFF

46. Plaintiff specifically repeats and realleges the allegations of paragraphs 1-45 of this Complaint as though fully set forth herein.

47. Christy's use of Wilson & Cousins' W&C Helmet Mark and check valve trade dress and other actions in connection with fire protection equipment products, without Wilson & Cousins' consent, constitutes passing off those products as if they were products of Wilson & Cousins.

48. Christy's use of Wilson & Cousins' W&C Helmet Mark and check valve trade dress and other actions in connection with fire protection equipment products are likely to cause confusion, or to cause mistake, or to deceive the public.

49. Christy willfully and deliberately intends to cause confusion, mistake, or to deceive through its passing off and unfair competition.

50. Wilson & Cousins has been irreparably damaged, and continues to be damaged, by Christy's passing off and unfair competition.

51. Christy acted oppressively, maliciously and in bad faith, and purposely and maliciously set out to harm Wilson & Cousins.

-13-
COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, FALSE ADVERTISING, PASSING OFF, UNFAIR COMPETITION AND VIOLATION OF CAL. BUS. & PROF. CODE §17200 AND 17500

## COUNT V

## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER CALIFORNIA LAW

52. Plaintiff specifically repeats and realleges the allegations of paragraphs 1-51 of this Complaint as though fully set forth herein.

53. Christy's use of Wilson & Cousins' W&C Helmet Mark, check valve trade dress and other actions, without Wilson & Cousins' consent, constitutes trademark and trade dress infringement, and unfair competition under California common law and constitutes unfair competition under Cal. Bus. & Prof. Code §§ 17200-17210. Christy's trademark infringement and unfair competition are likely to cause confusion, or to cause mistake, or to deceive the public.

54. Christy willfully and deliberately intends to cause confusion, mistake, or to deceive through its trademark and trade dress infringement and false advertising and unfair competition.

55. Wilson & Cousins has been irreparably damaged, and continues to be damaged, by Christy's trademark infringement and unfair competition.

56. Christy has been unjustly enriched as a result of the acts of unfair competition alleged herein;

57. Christy's conduct has been wanton, oppressive, willful, malicious, duplicitous, and performed with conscious disregard of Wilson & Cousin's rights and with the intent of depriving Wilson & Cousins of its rights.

## COUNT VI

## FALSE ADVERTISING UNDER CALIFORNIA LAW

58. Plaintiff specifically repeats and realleges the allegations of paragraphs 1-57 of this Complaint as though fully set forth herein.

59. Christy's conduct constitutes false advertising under California Cal. Bus. & Prof. Code §§ 17500-17509. Christy's use of Wilson & Cousins' W&C Helmet Mark

-14-

COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, FALSE ADVERTISING, PASSING OFF, UNFAIR COMPETITION AND VIOLATION OF CAL. BUS. & PROF. CODE §17200 AND 17500

and check valve trade dress in statements and disseminations to the public, without Wilson & Cousins' consent, misleads or is likely to mislead the public, and Christy knew or should have known, in the exercise of reasonable care, that its statements and disseminations were untrue and misleading.

60. Christy willfully and deliberately intends to cause confusion, mistake, or to deceive through its trademark and trade dress infringement, unfair competition, and false advertising.

61. Wilson & Cousins has been irreparably damaged, and continues to be damaged, by Christy's trademark infringement, unfair competition and false advertising.

62. Christy has been unjustly enriched as a result of the acts of unfair competition and false advertising alleged herein;

63. Christy's conduct has been wanton, oppressive, willful, malicious, duplicitous, and performed with conscious disregard of Wilson & Cousin's rights and with the intent of depriving Wilson & Cousins of its rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for:

1. Judgment that Christy (i) willfully or otherwise infringed Wilson & Cousins trademarks and trade dress in violation of 15 U.S.C. § 1125(a) and California law; (ii) willfully or otherwise used false designations of origin in violation of 15 U.S.C. § 1125(a); and (iii) willfully or otherwise engaged in unfair competition in violation of 15 U.S.C. § 1125(a) and California law;

2. A preliminary and permanent injunction against further infringement of Wilson & Cousins trademarks and trade dress and against false designations of origin, false advertising and unfair competition by Christy, its agents, servants, employees, officers, and all others controlled by them;

-15-
COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, FALSE ADVERTISING, PASSING OFF, UNFAIR COMPETITION AND VIOLATION OF CAL. BUS. & PROF. CODE §17200 AND 17500

3. An award of Christy's profits and damages sustained by Wilson & Cousins as a result of Christy's: (i) trademark and trade dress infringement; (ii) false designations of origin; and (iii) unfair competition pursuant to 15 U.S.C. § 1117(a);

4. An award of Christy's profits and damages sustained by Wilson & Cousins as a result of Christy's: (i) trademark and trade dress infringement; and (ii) unfair competition and false advertising pursuant to California law, including exemplary and punitive damages pursuant to Cal. Civ. Code § 3294;

5. An award of (i) the costs of this action, and (ii) reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a);

6. This Court to order Christy to deliver up for destruction all unauthorized signs, labels, displays, promotional materials, advertisements, packaging and all other unauthorized materials that bear Wilson & Cousins' trademarks or trade dress, and to provide reasonable notice to all entities to which infringing products were sold that such products are not manufactured by Wilson & Cousins; and

7. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment to the Constitution of the United States, Plaintiff hereby demands a trial by jury on all issues so triable.

COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, FALSE ADVERTISING, PASSING OFF, UNFAIR COMPETITION AND VIOLATION OF CAL. BUS. & PROF. CODE §17200 AND 17500

|   |   |
|---|---|
| Dated: January 7, 2008 | Respectfully submitted, |

By: *[signature]*

DANIEL S. MASON (No. 54046)
CHRISTOPHER T. MICHELETTI (No. 136446)
ERIC W. BUETZOW (No. 253803)
ZELLE, HOFMANN, VOELBEL,
 MASON & GETTE LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone:   (415) 693-0700
Facsimile:   (415) 693-0770
E-mail: dmason@zelle.com
E-mail: cmicheletti@zelle.com
E-mail: ebuetzow@zelle.com
Attorneys for Plaintiff

-17-

COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, FALSE ADVERTISING, PASSING OFF, UNFAIR COMPETITION AND VIOLATION OF CAL. BUS. & PROF. CODE §17200 AND 17500