John Sganga (SBN 116,211)
*John.Sganga@kmob.com*
Paul A. Stewart (SBN 153,467)
*Paul.Stewart@kmob.com*
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Defendant,
T. CHRISTY ENTERPRISES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WILSON & COUSINS DIVISION OF PALAMAR INDUSTRIES, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>T. CHRISTY ENTERPRISES, INC.,<br><br>Defendant. | Civil Action No. C 3:08-0098 PJH<br><br>**DEFENDANT T. CHRISTY ENTERPRISES, INC.'S ANSWER TO COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

ANSWER TO COMPLAINT                                    Case No. C 3:08-0098 PJH

Defendant T. Christy Enterprises, Inc. ("T. Christy" or "Defendant") hereby makes the following response to the Complaint of Plaintiff Wilson & Cousins Division of Palamar Industries, Inc. ("Wilson & Cousins" or "Plaintiff") in the above-captioned action.

## THE PARTIES

1. T. Christy lacks sufficient information to admit or deny the allegations of Paragraph 1 of the Complaint and, on that basis, denies them.

2. T. Christy admits the allegations of Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. T. Christy admits the allegations of Paragraph 3 of the Complaint.

4. T. Christy admits the allegations of Paragraph 4 of the Complaint.

5. T. Christy admits that this Court has jurisdiction over T. Christy, and that venue is proper in this Court. T. Christy denies the remaining allegations of Paragraph 5 of the Complaint.

6. T. Christy believes no response to the allegations of Paragraph 6 of the Complaint is required or appropriate. Local Rule 3-2(c) states that intellectual property cases will be assigned on a district-wide basis and exempts intellectual property cases from the requirement that cases be assigned to the Division in which the action arose. Therefore, Plaintiff's allegations regarding intradistrict assignment do not appear to be relevant to this case.

## FACTUAL BACKGROUND

7. T. Christy lacks sufficient information to admit or deny the allegations of Paragraph 7 of the Complaint and, on that basis, denies them.

8. T. Christy lacks sufficient information to admit or deny the allegations of Paragraph 8 of the Complaint and, on that basis, denies them.

9. T. Christy lacks sufficient information to admit or deny the allegations of Paragraph 9 of the Complaint and, on that basis, denies them.

10. T. Christy lacks sufficient information to admit or deny the allegations of Paragraph 10 of the Complaint and, on that basis, denies them.

///

11. T. Christy lacks sufficient information to admit or deny the allegations of Paragraph 11 of the Complaint and, on that basis, denies them.

12. T. Christy lacks sufficient information to admit or deny the allegations of Paragraph 12 of the Complaint and, on that basis, denies them.

13. T. Christy lacks sufficient information to admit or deny the allegations of Paragraph 13 of the Complaint and, on that basis, denies them.

14. T. Christy lacks sufficient information to admit or deny the allegations of Paragraph 14 of the Complaint and, on that basis, denies them.

15. T. Christy lacks sufficient information to admit or deny the allegations of Paragraph 15 of the Complaint and, on that basis, denies them.

16. T. Christy admits that Underwriters' Laboratories ("UL") is a U.S. organization based in Northbrook, Illinois that tests products and components, and that permits products to carry a UL certification mark under terms and conditions specified by UL. T. Christy admits that Underwriters' Laboratories of Canada provides similar services in Canada. T. Christy lacks sufficient information to admit or deny the remaining allegations of Paragraph 16 of the Complaint and, on that basis, denies them.

17. T. Christy admits that UL product certifications are sometimes required for fire protection equipment in contract specifications, for safety reasons, and for insurance requirements; and that architects, engineers, contracts and builders sometimes specify UL Listed equipment or UL Recognized materials. T. Christy also admits that Plaintiff has accurately quoted UL literature at lines 15-22 of Paragraph 17. T. Christy denies the remainng allegations of Paragraph 17 of the Complaint.

18. T. Christy lacks sufficient information to admit or deny the allegations of Paragraph 18 of the Complaint and, on that basis, denies them.

19. T. Christy lacks sufficient information to admit or deny the allegations of Paragraph 19 of the Complaint and, on that basis, denies them.

20. T. Christy admits that a check valve is a valve that normally allows fluid to flow through it in only one direction. T. Christy also admits that check valves are two-port valves,

ANSWER TO COMPLAINT                - 2 -                Case No. C 3:08-0098 PJH

meaning they have two openings in the body, one for fluid to enter and the other for fluid to leave. T. Christy lacks sufficient information to admit or deny the remaining allegations of Paragraph 20 of the Complaint and, on that basis, denies them.

21. T. Christy lacks sufficient information to admit or deny the allegations of Paragraph 21 of the Complaint and, on that basis, denies them.

22. T. Christy lacks sufficient information to admit or deny the allegations of Paragraph 22 of the Complaint and, on that basis, denies them.

23. T. Christy denies the allegations of Paragraph 23 of the Complaint.

24. T. Christy admits that the recited elements appear in the photocopy of the product sample included by Plaintiff as Exhjibit 6. T. Christy lacks sufficient information to admit or deny the allegations of Paragraph 24 of the Complaint and, on that basis, denies them.

25. T. Christy denies the allegations of Paragraph 25 of the Complaint.

26. T. Christy admits that Paragraph 26 of the Complaint accurately quotes from Exhibit 7, which appears to be a past version of the webpage www.tchristy.com/About.asp. Much of the quoted language no longer appears on the current version of that webpage.

27. T. Christy denies the allegations of Paragraph 27 of the Complaint.

28. T. Christy admits that Exhibit 9 is a copy of a former version of its product catalog. T. Christy denies the remaining allegations of Paragraph 28 of the Complaint.

29. T. Christy denies the allegations of Paragraph 29 of the Complaint.

30. In response to Paragraph 30 of the Complaint, T. Christy responds as follows: T. Christy has stipulated to a temporary injunction, enjoining T. Christy from depicting Plaintiff's products on its web site catalogs, and from selling or distributing check valves or hose nozzles that feature (a) any UL or ULC control number assigned to Plaintiff, (b) Plaintiff's alleged helmet trademark, (c) the model numbers 1E144T, 1E144G, and HNL-206T, or (d) Plaintiff's alleged trade dress. T. Christy claims no right to use any UL or ULC control number assigned to Plaintiff by UL or ULC, or any mark in which Plaintiff establishes trademark rights. T. Christy denies the remaining allegations of Paragraph 30 of

/ / /

the Complaint, including any allegation that further injunctive relief is necessary or appropriate.

## COUNT I

31.  T. Christy incorporates by reference its responses to Paragraphs 1-30 of the Complaint.

32.  T. Christy denies the allegations of Paragraph 32 of the Complaint.

33.  T. Christy denies the allegations of Paragraph 33 of the Complaint.

34.  T. Christy denies the allegations of Paragraph 34 of the Complaint.

35.  T. Christy denies the allegations of Paragraph 35 of the Complaint.

## COUNT II

36. T. Christy incorporates by reference its responses to Paragraphs 1-35 of the Complaint.

37.  T. Christy denies the allegations of Paragraph 37 of the Complaint.

38.  T. Christy denies the allegations of Paragraph 38 of the Complaint.

39.  T. Christy denies the allegations of Paragraph 39 of the Complaint.

40.  T. Christy denies the allegations of Paragraph 40 of the Complaint.

## COUNT III

41.  T. Christy incorporates by reference its responses to Paragraphs 1-40 of the Complaint.

42.  T. Christy denies the allegations of Paragraph 42 of the Complaint.

43.  T. Christy denies the allegations of Paragraph 43 of the Complaint.

44.  T. Christy denies the allegations of Paragraph 44 of the Complaint.

45.  T. Christy denies the allegations of Paragraph 45 of the Complaint.

## COUNT IV

46. T. Christy incorporates by reference its responses to Paragraphs 1-45 of the Complaint.

47.  T. Christy denies the allegations of Paragraph 47 of the Complaint.

48.  T. Christy denies the allegations of Paragraph 48 of the Complaint.

49. T. Christy denies the allegations of Paragraph 49 of the Complaint.

50. T. Christy denies the allegations of Paragraph 50 of the Complaint.

51. T. Christy denies the allegations of Paragraph 51 of the Complaint.

**COUNT V**

52. T. Christy incorporates by reference its responses to Paragraphs 1-51 of the Complaint.

53. T. Christy denies the allegations of Paragraph 53 of the Complaint.

54. T. Christy denies the allegations of Paragraph 54 of the Complaint.

55. T. Christy denies the allegations of Paragraph 55 of the Complaint.

56. T. Christy denies the allegations of Paragraph 56 of the Complaint.

57. T. Christy denies the allegations of Paragraph 57 of the Complaint.

**COUNT V**

58. T. Christy incorporates by reference its responses to Paragraphs 1-57 of the Complaint.

59. T. Christy denies the allegations of Paragraph 59 of the Complaint.

60. T. Christy denies the allegations of Paragraph 60 of the Complaint.

61. T. Christy denies the allegations of Paragraph 61 of the Complaint.

62. T. Christy denies the allegations of Paragraph 62 of the Complaint.

63. T. Christy denies the allegations of Paragraph 63 of the Complaint.

**AFFIRMATIVE DEFENSES**

T. Christy asserts the following affirmative defenses to the counts set forth in Plaintiff's Complaint. T. Christy's decision to plead these allegations as affirmative defenses is not an admission that T. Christy bears the burden of proof on any of these issues. To the contrary, T. Christy believes that Plaintiff bears the burden of proof on many of these issues.

1. The elements described in Paragraph 25 of the Complaint, alone or in combination, are not inherently distinctive and have not acquired secondary meaning. Accordingly, Plaintiff has no trade dress rights or other rights in these elements.

/ / /

2. The elements described in Paragraph 25 of the Complaint, individually and in combination, are functional. Accordingly, Plaintiff has no trade dress rights or other rights in these elements.

3. The "Helmet Mark" shown in Exhibit 2 to the Complaint is not inherently distinctive and has not acquired secondary meaning in the United States. Accordingly, Plaintiff has no trademark rights or other rights in the Helmet Mark in the United States.

4. The use of a mark depicting a fireman's helmet on fire safety equipment is functional and otherwise unprotectable under the trademark and unfair competition laws. Accordingly, Plaintiff has no trademark rights or other rights in the Helmet Mark in the United States.

5. The part numbers referenced in the Complaint are not inherently distinctive and have not acquired secondary meaning. Accordingly, Plaintiff has no trademark rights or other rights in the part numbers referenced in the Complaint.

6. The control numbers "27gh," "UL 27gh," and "ULC 27gh" are not inherently distinctive and have not acuired secondary meaning." Accordingly, Plaintiff has no trademark rights or other rights in these control numbers.

7. Plaintiff is not the owner of the "UL" or "ULC" certification marks, or the control numbers "27gh," "UL 27gh," or "ULC 27gh." Accordingly, Plaintiff lacks standing to complain of the alleged unauthorized use of these certification marks and control numbers.

8. The depiction of a trademark in a manner that cannot or will not be discerned by an ordinary consumer is not likely to cause confusion and is not a violation of the trademark rights or any other rights of the Plaintiff.

9. T. Christy alleges on information and belief that its manufacturer was expressly or impliedly licensed or otherwise authorized by Plaintiff to sell the products at issue to the public, including to T. Christy; that the products are therefore licensed products; and that T. Christy therefore cannot be liable under any legal theory for reselling them.

10. T. Christy was a mere innocent distributor of the products at issue in this case. Accordingly, Plaintiff should not be permitted to recover damages, profits, or attorneys' fees,

ANSWER TO COMPLAINT             - 6 -             Case No. C 3:08-0098 PJH

and the scope of any injunctive relief should reflect T. Christy's status as an innocent distributor.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 28, 2008          By: s/ Paul A. Stewart

    John B. Sganga
    Paul A. Stewart
    Attorneys for Defendant,
    T. CHRISTY ENTERPRISES, INC

## JURY TRIAL DEMANDED

T. Christy hereby demands a trial by jury as to all issues triable by jury in this action.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 28, 2008          By: s/ Paul A. Stewart

    John B. Sganga
    Paul A. Stewart
    Attorneys for Defendant,
    T. CHRISTY ENTERPRISES, INC

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2008, I caused the foregoing document titled: **DEFENDANT T. CHRISTY ENTERPRISES, INC.'S ANSWER TO COMPLAINT** to be electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the following person(s):

**Christopher T. Michelletti**
*cmichelett@zelle.com*

**Daniel S. Mason**
*Dmason@zelle.com*

**Eric W. Buetzow**
*Ebuetzow@zell.com*

I certify and declare under penalty of perjury under the laws of the State of California that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the forgoing is true and correct.

Executed on January 28, 2008 at Irvine, California.

_Jennifer Strasser_
Jennifer A. Strasser

TCEIL.011L
4798821
012408